O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LUCIA ROMO, | ) | Case No. CV 15-4485-DFM |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Lucia Romo ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying her application for Supplemental Security Income ("SSI") disability benefits. Because the ALJ's decision was supported by substantial evidence in the record, the ALJ's decision is affirmed and the matter is dismissed with prejudice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her application for SSI on September 6, 2011, alleging disability with an onset date of August 1, 2011. Administrative Record ("AR") 182-90. After Plaintiff's application was denied at the initial stage, an ALJ held two administrative hearings. AR 32-75. Plaintiff was represented at both

hearings and testified at the first. AR 32-72. On September 4, 2013, the ALJ issued an unfavorable decision. AR 15-31. The Appeals Council denied Plaintiff's request for review on April 13, 2015. AR 1-4. This action followed.

In reaching his decision the ALJ found that Plaintiff had the following severe impairments: asthma, obesity, and mood disorder. AR 20. The ALJ found that Plaintiff's arthritis and gastroesophageal reflux were both nonsevere. AR 20. The ALJ also noted that Plaintiff had "a mild limitation in activities of daily living, a mild limitation in social functioning, a moderate limitation in maintaining concentration, persistence, or pace, and no episodes of decomposition." AR 20. The ALJ found that these impairments did not meet or medically equal the severity of any listed impairment. AR 20-21. The ALJ determined that despite her impairments, Plaintiff had the residual functional capacity ("RFC") to perform medium work with some additional limitations, most notably a limitation to simple work. AR 21. A vocational expert ("VE") also testified. AR 68-71. In response to a hypothetical involving a person of Plaintiff's age with Plaintiff's education, work experience, and RFC, the VE testified that such a person would be able to perform as a courtesy clerk and hand packer. AR 68-69. The ALJ relied on the VE's testimony to conclude that Plaintiff was capable of making the adjustment to other work that exists in significant numbers in the national economy. AR 26-27. Accordingly, the ALJ found that Plaintiff was not disabled. AR 27.

## II.

### ISSUES PRESENTED

The parties dispute whether the ALJ erred: (1) in determining severe impairments, (2) in determining Plaintiff's credibility, (3) in rejecting lay witness opinions, (4) in determining the RFC, and (5) in relying on the VE's testimony. See Joint Stipulation ("JS") at 3-53.

/ / /

2

**III.**

**DISCUSSION**

**A.    Substantial Evidence Supports the ALJ's Determination of Severe Impairments**

Plaintiff contends that the ALJ erred in finding that Plaintiff's arthritis, anxiety, and gastroesophageal reflux disease ("GERD") were not severe. JS at 3-14.

**1.    Applicable Law**

At step two of the sequential evaluation process, the claimant has the burden to show that she has one or more "severe" medically determinable impairments that can be expected to result in death or last for a continuous period of at least 12 months. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (noting claimant bears burden at step two); Celaya v. Halter, 332 F.3d 1177, 1180 (9th Cir. 2003) (same); 20 C.F.R. § 416.908 (defining "physical or mental impairment"), 416.920(a)(4)(ii) (claimants will be found not disabled at step two if they "do not have a severe medically determinable physical or mental impairment that meets the duration requirement"). A medically determinable impairment must be established by signs, symptoms, or laboratory findings; it cannot be established based solely on a claimant's own statement of his symptoms. 20 C.F.R. § 416.908; Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); SSR 96-4p, 1996 WL 374187, at *1 (July 2, 1996). A "medical sign" is "an anatomical, physiological, or psychological abnormality that can be shown by medically acceptable clinical diagnostic techniques." Ukolov, 420 F.3d at 1005 (quoting SSR 96-4p, 1996 WL 374187, at *1 n.2 (July 2, 1996) (internal quotation marks omitted)); accord 20 C.F.R. § 416.928(b).

To establish that a medically determinable impairment is "severe," moreover, the claimant must show that it "significantly limits [her] physical or

3

mental ability to do basic work activities." 20 C.F.R. § 416.920(c); accord id. § 416.921(a). "An impairment or combination of impairments may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (internal quotation marks omitted); see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) ("[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims."). Applying the applicable standard of review to the requirements of step two, a court must determine whether an ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. Webb, 433 F.3d at 687.

**2.    Analysis**

a.    Arthritis

Plaintiff contends that the ALJ erred in finding Plaintiff's arthritis nonsevere and should have given more weight to the treatment records of her treating physician as well as Plaintiff's subjective complaints about the effects of the impairment on her ability to work. JS at 4-8. The Court disagrees.

The ALJ noted that there is no objective diagnostic evidence to support a finding of severity and that the positive ANA laboratory test cited by Plaintiff is not sufficient to establish the severity of arthritis. AR 20. Although Plaintiff's treating physician Dr. Sanders diagnosed Plaintiff with arthritis in August 2011, the ALJ noted that the record lacked objective evidence, such as an x-ray, showing evidence of arthritis. AR 20. The ALJ also gave weight to the consultative examiner's findings that Plaintiff had "normal range of motion and a normal gait" and did not need "the use of assistive devices for ambulation," both of which are not consistent with severe arthritis. AR 20.

///

4

In support of her argument, Plaintiff cites to examination reports by Dr. Sanders documenting her pain and arthritic symptoms and treatments. JS at 5-6 (citing AR 299, 302, 304, 304, 366, 367, 361). Plaintiff also cites to a musculoskeletal examination with positive findings for joint pain and swelling and a December 2012 diagnosis by Dr. Sanders of chronic lower back pain. JS at 6 (citing AR 486, 492). Because these records are from a treating physician, they are generally afforded more weight. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (holding that the opinion of a treating physician is generally entitled to more weight than that of an examining physician). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Further, the weight given a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other things. 20 C.F.R. § 416.927(c)(3)-(6).

Here, the records cited by Plaintiff provided no explanations by Dr. Sanders of functional limitations resulting from Plaintiff's arthritis. See Social Security Ruling (SSR) 96-3p, 1996 WL 374181, at *2 (Jul. 2, 1996) ("[W]hether an impairment(s) is severe requires an assessment of the functionally limiting effects of an impairment(s) . . . ."). Also, none of the cited records indicates that Plaintiff's arthritis was severe, that is, that her arthritis significantly limited her ability to do basic work activities. See Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999) (holding that a finding of medical conditions was not enough "to support [plaintiff's] claim that those impairments are 'severe'"); Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a

5

disability.").

Plaintiff also criticizes the ALJ for ignoring parts of the examining physician's findings. Plaintiff contends that the ALJ erroneously ignored Dr. Lim's statement that Plaintiff presented with "a history of joint pains for the past five years that involves the hands, right shoulder, and right hip" and complained of "on and off pain and swelling of her right hip that is worse with doing heavy activity that improves with pain-killer medication." JS at 6 (citing AR 338, 341). However, the omitted statements are based on Plaintiff's subjective complaints, and because the ALJ found Plaintiff's testimony not credible, see infra Part III.B., the ALJ could disregard those portions of Dr. Lim's reports. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding that ALJ was "free to disregard" examining physician's opinion premised on claimant's subjective complaints because record supported ALJ's decision to discount claimant's credibility).

The ALJ's adverse credibility finding also means that the ALJ is not required to give weight to Dr. Sanders's report of Plaintiff's symptoms. Because the reports were not supported by objective evidence, the assessment appears to be based largely on Plaintiff's subjective complaints. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that an ALJ may reject an opinion to a large extent predicated upon "a claimant's self-reports that have been properly discounted as not credible"); Tonapetyan, 242 F.3d at 1149. Likewise, the ALJ was not obligated to consider Plaintiff's testimony and questionnaires in evaluating the severity of Plaintiff's arthritis. Therefore, the ALJ properly found that Plaintiff's arthritis was nonsevere.

b.    Anxiety

Plaintiff contends that the ALJ "failed to include consideration for [her] anxiety and panic in the severe impairment analysis." JS at 8. The Commissioner contends that even if the ALJ erred in neglecting to list

6

"anxiety" at step two, any error was harmless. JS at 16. The Court agrees.

The ALJ extensively discussed Plaintiff's medical records pertaining to her mental impairments at step four of the sequential analysis. <u>See</u> AR 23-25. All told, four physicians—two examining physicians and two non-examining physicians—opined that Plaintiff's anxiety would not preclude her from carrying out simple repetitive work. AR 83, 101, 330-35, 548-56. None of Plaintiff's treating physicians opined that Plaintiff could not perform simple, repetitive work. There was substantial evidence in the record to support the ALJ's finding that Plaintiff could perform simple tasks. Therefore, the final decision reflects that the ALJ considered Plaintiff's limitations associated with anxiety and any failure to discuss these limitations at step two was harmless. <u>See</u> <u>Lewis v. Astrue</u>, 498 F.3d 909, 910 (9th Cir. 2007) (holding that ALJ's failure to list Plaintiff's bursitis at step two was harmless because ALJ "considered any limitations posed by the bursitis" at step four).

c.   GERD

Plaintiff next contends that the ALJ erred in failing to find Plaintiff's GERD severe. JS at 11. Specifically, Plaintiff argues that the ALJ "failed to address the bulk of the medical evidence provided by [Plaintiff's] treating physicians," evidence that showed that Plaintiff had ongoing abdominal pain impairing her ability to tolerate medication for her arthritis, depression, and anxiety. <u>Id.</u>

In finding Plaintiff's GERD nonsevere the ALJ noted that Plaintiff did not allege gastrointestinal symptoms in the initial disability report and only cited arthritis, asthma, depression, and anxiety as conditions which limit her ability to work. AR 22 (citing AR 202). The ALJ also noted that "in light of the overall treatment history, [Plaintiff] had relatively few visits for gastrointestinal problems." AR 20.

///

7

Plaintiff points to records showing a diagnosis of GERD and indicating that Plaintiff's GERD impacted her ability to tolerate medication for treatment of her arthritis, depression, and anxiety. JS at 12-13 (citing AR 315, 492, 536). Plaintiff also cites to records of treatment for GERD-related symptoms before the alleged onset date. Id. at 12. With respect to the latter, "[m]edical opinions that predate the alleged onset of disability are of limited relevance." Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008). The remaining records were brief, conclusory, and provided no explanations of functional limitations resulting from Plaintiff's GERD. See SSR 96-3p, at *2; Barnhart, 278 F.3d at 957 (holding that the ALJ need not accept any opinion that is "brief, conclusory, and inadequately supported by clinical findings"). None of the cited records indicate that Plaintiff's GERD was severe or that increased difficulty taking medications caused functional limitations that would prevent Plaintiff from working. As noted above, the mere existence of an impairment does not demonstrate that the impairment is severe. See Verduzco, 188 F.3d at 1089. Therefore, the ALJ did not err in finding Plaintiff's GERD nonsevere.

In sum, the ALJ's finding that the record lacks objective medical evidence to support the alleged severity of Plaintiff's impairments is supported by substantial evidence, and the ALJ properly weighed the medical evidence in assessing the severity of Plaintiff's conditions. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982) (noting it is ALJ's role to resolve conflicting medical reports and opinions). Accordingly, the ALJ reasonably found that Plaintiff's arthritis, anxiety, and GERD were nonsevere. AR 20.

**B.** **The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting her subjective complaints. See JS at 19-31. The Court disagrees.

Plaintiff testified at the administrative hearing that she has a history of cocaine use. AR 43. She testified that she was unable to work due to arthritis problems in her hands, legs, and back. AR 47-48. Plaintiff said that she could not take medication for her arthritis or anxiety because of her gastritis. AR 48. She then testified that she changed her mind about taking the medication three or four days before the hearing because she was feeling depressed. AR 59. She noted that although her uncle passed away a year earlier, she did not decide to take medication for her depression over his death until days before the hearing. AR 60. Plaintiff also testified that she takes care of her daughter and has help from her mother but not on a daily basis. AR 60-61.

### 1.   Applicable Law

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. Once the claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged symptoms are reasonably consistent with the objective medical evidence and other evidence, the claimant's allegations will be credited. Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *2 (July 2, 1996) (explaining 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4)).

///

9

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 883 (9th Cir. 2006). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998) (quoting <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. <u>Smolen</u>, 80 F.3d at 1284 & n.8. Additionally, "[i]n weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." <u>Light v. Soc. Sec. Admin.</u>, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. <u>Smolen</u>, 80 F.3d at 1284.

### 2.   Analysis

The ALJ gave specific, clear and convincing reasons for discounting Plaintiff's testimony, each of which is supported by the record. The ALJ gave great weight to the report of Dr. Sherrill, an examining psychiatrist, and found that the result of Dr. Sherrill's assessment was inconsistent with Plaintiff's claims. AR 25. First, the ALJ noted that Dr. Sherrill reported that Plaintiff "was a poor historian" and "appeared to exert a questionable effort throughout the evaluation." AR 24 (citing AR 551). Dr. Sherrill also noted that Plaintiff denied that she ever used drugs or alcohol. AR 549; <u>see</u> <u>Verduzco</u>, 188 F.3d at

10

1090 (relying on inconsistent statements about alcohol use to reject claimant's testimony). Dr. Sherrill noted that although Plaintiff reported problems with concentration and memory, she "did not present with a disabling condition involving her ability to focus" or "symptoms of a cognitive disorder" and showed "adequate intelligence, memory, and emotional stability in order to participate in the work force." AR 24 (citing AR 553).

Other medical records also contradict Plaintiff's allegations. The ALJ noted that the medical consultative examination documented Plaintiff's clinical findings as "essentially normal and not indicative of debility." AR 25 (citing AR 338-41). The ALJ also noted that Plaintiff's reluctance to take psychotropic medication casts doubts on the seriousness of Plaintiff's mental conditions. Id. Plaintiff claims that her reluctance was due to her stomach issues. See JS at 22 (citing AR 58). But Plaintiff testified that she started to take medication a few days before the administrative hearing even though her stomach issues were not resolved. AR 59. This seems to indicate that either Plaintiff's depression was not severe enough to motivate her to take the medication until right before the hearing or that her intolerance of the medication was not as severe as she alleged. See Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (finding that claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment").

The ALJ also discussed Plaintiff's daily physical activities. See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (holding that a plaintiff's credibility may be discredited by plaintiff's activities of daily living if (1) the activity met the threshold for transferable work skills or (2) the activities contradicted her testimony); Burch, 400 F.3d at 681 (holding that ALJ was permitted to consider daily living activities in his credibility analysis). Here, the ALJ noted that Plaintiff has been working as a caregiver on weekends for about three years. AR 25 (citing AR 448, 545). Plaintiff also seemed to be able

11

to do physical activities such as painting. AR 25 (citing AR 448). Dr. Sherrill reported that Plaintiff claimed to be able to "perform household chores, run errands, and go shopping without help" as well as cook, take her daughter to school, perform self-care activities independently, and manage her financial affairs. AR 550. Plaintiff also testified (AR 60-61) that although she has help from her mom to take care of her daughter, she does not see her mom every day, suggesting that Plaintiff is capable of caring for her daughter without help when her mother is not around. The ALJ therefore concluded that Plaintiff's ability to engage in these activities "suggests that she is more physically capable . . . than she alleged." AR 25.

Finally, in addition to finding no objective medical evidence to support Plaintiff's description of her pain and limitations, the ALJ found that Plaintiff's "poor overall work history does not enhance her credibility." AR 25 (citing AR 193-94); see Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (noting that ALJ relied on claimant's poor work history as a factor negatively affecting credibility). The ALJ noted that Plaintiff was courteous at the hearing as well as Plaintiff's explanation during her testimony (see AR 66) that she was not anxious when she testified because she had taken her medication; the ALJ cited this statement as evidence that Plaintiff's medication improved her mental health. AR 25. "Impairments that can be controlled effectively with medication are not disabling." Warre v. Comm'r Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006).[1] The ALJ also noted that the Social Security Administration staff observed "no problems with the claimant's hearing,

---

[1] Plaintiff argues that this observation was an example of impermissible "sit-and-squirm" analysis. See JS at 37. The Court disagrees. The inclusion of the ALJ's personal observations does not render a decision improper. Verduzco, 188 F.3d at 1090. Here, the ALJ combined his observation that "you've been very polite here" with claimant's own testimony that she was not anxious because she had taken Ativan before the hearing.

reading, breathing, understanding, coherency, concentration, talking, answering, sitting, standing, walking, seeing, using hands, and writing." AR 25 (citing AR 197-200).

On appellate review, the Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility, which the ALJ did in this case. Smolen, 80 F.3d at 1284. It is the ALJ's responsibility to determine credibility and resolve conflicts or ambiguities in the evidence. Magallanes, 881 F.2d at 750. If the ALJ's findings are supported by substantial evidence, as here, this Court may not engage in second-guessing. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002); Fair, 885 F.2d at 604. It was reasonable for the ALJ to rely on all of the reasons stated above, each of which is fully supported by the record, in rejecting Plaintiff's subjective complaints. Reversal is therefore not warranted on this basis.

## C.   Any Error in the ALJ's Consideration of the Testimony of Plaintiff's Sister Was Harmless

Plaintiff's sister, Rosemary Quintero, reported her observations of Plaintiff's abilities and daily activities. AR 209-16. Plaintiff contends that the ALJ failed to give adequate reasons for discounting her sister's statements. JS at 38-39.

### 1.   Applicable Law

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006)); see also 20 C.F.R. § 416.913(d) (statements from spouses, parents, other relatives, and friends can be used to show severity of impairments and effect on ability to work). Such

testimony is competent evidence and "<u>cannot</u> be disregarded without comment." <u>Bruce</u>, 557 F.3d at 1115 (quoting <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1467 (9th Cir. 1996)); <u>Robbins</u>, 466 F.3d at 885 ("[T]he ALJ is required to account for all lay witness testimony in the discussion of his or her findings."). When rejecting the testimony of a lay witness, an ALJ must give specific reasons germane to that witness. <u>Bruce</u>, 557 F.3d at 1115; <u>see also</u> <u>Stout</u>, 454 F.3d at 1053; <u>Nguyen</u>, 100 F.3d at 1467.

**2.    Analysis**

Plaintiff contends that the ALJ rejected significant parts of Quintero's statements and mischaracterized statements about Plaintiff's daily activities. JS 41. Specifically, Plaintiff argues that the ALJ ignored the fact that Plaintiff needs help with daily activities and that Quintero takes Plaintiff's daughter to and from school and sometimes helps her with homework. JS at 41 (citing AR 210). Plaintiff also contends that the ALJ did not give adequate reasons for failing to consider Quintero's opinions about Plaintiff's limitations such as Plaintiff's difficulty being around other people; her ability to sit, squat, bend, walk, stand, sit, kneel, stair climb, and use her hands; her ability to lift only five pounds; her ability to walk and stand for only about thirty minutes; and her inability to deal with stress. JS at 38-39 (citing AR 212-15).

The ALJ noted that Quintero's statement about Plaintiff's activities were not consistent with Plaintiff's allegations. AR 26. Furthermore, Quintero's observations of Plaintiff's symptoms and daily activities essentially mirrored Plaintiff's testimony, which the ALJ properly rejected as not being fully credible. "[I]f the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." <u>Molina v. Astrue</u>, 674 F.3d 1104, 1114 (9th Cir. 2012) (citing <u>Valentine v. Comm.</u>, 574 F.3d 685, 694 (9th Cir. 2009) (holding that because "the ALJ provided clear and convincing reasons for

14

rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony")).

Moreover, the failure to address cumulative lay testimony that does not introduce new evidence is harmless error. See Zerba v. Comm'r of Soc. Sec. Admin., 279 F. App'x 438, 440 (9th Cir. 2008) (rejecting claimant's contention that ALJ's failure to address her husband's lay testimony was reversible error where husband's testimony was substantially similar to claimant's properly discredited testimony); Thomas v. Astrue, No. 12-762, 2013 WL 1294520, at *3 (C.D. Cal. Mar. 27, 2013) (finding any error in failing to address testimony from claimant's daughter harmless when her testimony offered no new evidence and was merely duplicative of claimant's); Heskett v. Astrue, No. 11-03377, 2012 WL 1997166, at *11 (N.D. Cal. June 4, 2012) (holding that "if the third party testimony does not introduce new evidence and is merely duplicative, the ALJ does not err by failing to evaluate the testimony"). Plaintiff acknowledges that Quintero's testimony is consistent with her own testimony. JS at 39. Because the ALJ appropriately rejected Plaintiff's subjective complaints, the ALJ could have also rejected Quintero's statements as not fully credible because they were substantially similar to those of Plaintiff. Therefore, the ALJ's failure to address all of Quintero's lay testimony was harmless. See Zerba, 279 F. App'x at 440.

**D.    The ALJ Did Not Err in Determining Plaintiff's RFC**

Plaintiff contends that the ALJ erred in finding that Plaintiff could perform medium work with some additional limitations, including a limitation to simple work. JS at 42 (citing AR 22).

### 1.    Applicable Law

A district court must uphold an ALJ's RFC assessment when the ALJ has applied the proper legal standard and substantial evidence in the record as

15

a whole supports the decision. <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must consider all the medical evidence in the record and "explain in [his or her] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 416.927(e)(2)(ii). In making an RFC determination, the ALJ may consider those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. <u>See Bayliss</u>, 427 F.3d at 1217 (upholding ALJ's RFC determination because "the ALJ took into account those limitations for which there was record support that did not depend on [claimant's] subjective complaints"). The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." <u>Ryan v. Comm'r of Soc. Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008) (internal quotation marks and citation omitted).

## 2. Analysis

Plaintiff contends that the ALJ erred by failing to consider subjective symptoms and non-exertional impairments in the RFC determination. JS at 44. Plaintiff also contends that the ALJ failed to discuss significant portions of the medical evidence including records provided by Dr. Sanders which supported Plaintiff's testimony regarding her physical limitations, <u>id.</u>, and "failed to include consideration for limitations caused by [Plaintiff's] depression, anxiety, panic, and associated symptoms," <u>id.</u> at 45. However, the ALJ noted and discussed the objective medical evidence in the record as well as Plaintiff's subjective testimony about her symptoms. AR 21-25. For example, the ALJ noted that Plaintiff complained of hypertension and joint pain, AR 22; back pain that caused her to quit her job, AR 23; restlessness, irritability, fatigue, stomachaches, and difficulty sleeping, <u>id.</u>; problems with concentration, memory, depression, anxiety, a history of suicidal ideation, and

16

1  obsessive-compulsive symptoms, AR 24; and an anger problem that made it
2  difficult for her to be around people, AR 25. But, as discussed above, the ALJ
3  found Plaintiff's subjective complaints were not credible. The ALJ also
4  properly found that symptoms associated with Plaintiff's anxiety and anger
5  problems were properly controlled when she took medication. AR 25. Finally,
6  as noted above, the ALJ concluded that Dr. Sanders's diagnosis of arthritis
7  was not supported by objective diagnostic evidence, AR 20, and therefore
8  subjective symptoms associated with that diagnosis were not probative to the
9  RFC determination.

10      Plaintiff also contends that the ALJ failed to consider the opinion of a
11  consultative examiner, Dr. Erhart, about Plaintiff's impaired ability to interact
12  with the public, coworkers, and supervisors. JS at 45 (citing AR 331, 334). The
13  ALJ noted that Dr. Erhart reported that Plaintiff was disruptive in the waiting
14  room and interacted poorly with her peers and office staff. AR 23. Dr. Erhart
15  still opined, however, that Plaintiff had the ability to perform simple tasks. AR
16  334 (finding that although Plaintiff's ability to interact with others was
17  moderately impaired, Plaintiff's ability to understand, remember, perform
18  instructions for simple tasks, maintain focus and concentration, comply with
19  job rules, and respond to changes in the work setting were all intact).
20  Furthermore, the ALJ gave clear and convincing reasons for rejecting elements
21  of Dr. Erhart's opinion and found that any mental impairment could be
22  controlled by medication. AR 25. The ALJ also noted that both state agency
23  doctors, Dr. Johnson and Dr. Goosby, found insufficient evidence regarding
24  episodes of decompensation, AR 83, 98, and opined that Plaintiff retained the
25  ability to carry out simple and repetitive instructions on a consistent and
26  persistent pace in a regular workday/workweek, AR 83, 101. Last, the ALJ
27  gave specific, clear and convincing reasons why Dr. Sherrill's opinion that
28  Plaintiff could perform simple and repetitive tasks with minimal supervision

and appropriate persistence and pace over a normal week cycle was afforded great weight. AR 25.

In sum, the Court rejects Plaintiff's arguments regarding the ALJ's RFC determination. The ALJ properly synthesized and considered the record as a whole to determine an RFC that is adequately supported by substantial evidence. Therefore, the Court finds that the ALJ did not err in determining Plaintiff's RFC.

**E.**    **The ALJ Did Not Err in Relying on the Testimony of the Vocational Expert**

Plaintiff contends that the ALJ's hypothetical question to the VE failed to include Plaintiff's "difficulty maintaining appropriate social functioning, concentration, persistence, pace, ability to handle work places stresses, and ability to maintain attendance, in addition to her limitations in performing sitting standing, walking lifting, carrying, and using her hands." JS at 51. Therefore, Plaintiff argues that the ALJ improperly relied on the testimony of the VE as it did not reflect consideration of all of Plaintiff's impairments.

However, having determined that Plaintiff's subjective complaints of pain and limitations were not credible or supported by objective medical evidence, the ALJ is not obligated to include those alleged limitations in the hypothetical presented to the VE. See Copeland v. Bowen, 861 f.2d 536, 540-41 (9th Cir. 1988) (holding that hypothetical questions need not include claimant's subjective impairments if the ALJ makes specific findings that claimant is not credible). Accordingly, the ALJ did not err in presenting the hypothetical to the VE and properly relied on the VE's testimony. Reversal is therefore not warranted on this basis.

///

///

///

18

## IV.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: August 3, 2016

_____

DOUGLAS F. McCORMICK
United States Magistrate Judge

19